IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:05CR3030 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| EARL L. CLEVENGER, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the presentence investigation report in this case and the defendant's objection to PSR and motion for downward departure.

IT IS ORDERED that:

(1)    The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005).  In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2)    The defendant's objection (filing 27 ¶ 1) to paragraph 22 of the PSR

regarding two unregistered short shotguns will be resolved at sentencing.[1]   For purposes of the rulings I make below, I have assumed that the defendant was not in possession of two unregistered short shotguns.

(3)    The defendant's motion for downward departure due to over-representation of criminal history under U.S.S.G. § 4A1.3 (filing 27 ¶ 2) is denied. Even if every fact recited in the defendant's brief regarding this motion (filing 28 at 5-6) is assumed to be true, I would not depart (or vary) from the advisory Guidelines. Among other things, the Guidelines are properly calculated at criminal history category II, and the theft and assault charges, being recent in nature, are indicative of a current propensity to commit crime greater than anticipated by criminal history category I.

(4)    The defendant's motion for downward departure due to lesser harms under U.S.S.G. § 5K2.11 (filing 27 ¶ 3) is denied.  Even if every fact recited in the defendant's brief regarding this motion (filing 28 at 6-9) is assumed to be true, I would not depart (or vary) from the advisory Guidelines.   Among other things, the fact that the defendant intended to convert the four machine guns[2] to a semi-automatic state at some unspecified time[3] in the future, does not in any meaningful sense reduce the risk that these lethal weapons might fall into the hands of criminals who would use them as fully automatic weapons before the defendant got around to altering them. Indeed, as a former licensed firearm dealer,[4] the defendant should have been acutely

---

[1]As the defendant acknowledges (filing 27 ¶ 1), even if he is successful regarding the shotguns, the Guidelines calculations will not change.

[2]The defendant pleaded guilty to possessing four unregistered machine guns. Three of the machine guns were fully assembled and worked as machine guns.  (Filing 24 at 15-16.)  The fourth weapon when assembled worked as a machine gun as well. (Id.)

[3]As counsel frankly admits, the defendant "was lazy in not converting the weapons and in not disposing of machine gun parts . . . ."  (Filing 28 at 2.)

[4]See PSR ¶ 10 and the defendant's brief (filing 28 at 1).

aware of the dangers of keeping a small armory of unregistered machine guns.

(5)     The defendant's motion for downward departure under U.S.S.G. § 5K2.0 (filing 27 ¶ 4) is denied. Even if every fact recited in the defendant's brief regarding this motion (filing 28 at 2-3) is assumed to be true, I would not depart (or vary) from the advisory Guidelines.   Essentially, the defendant asserts that he did not have an evil motive for possessing the unregistered machine guns and he neither used nor intended to use the machine guns for an unlawful purpose.   Rather, he intended to convert them to a semi-automatic state. Simply put, these alleged mitigating factors, singly or together, are not sufficient in degree or kind to warrant a departure or variance from the advisory Guidelines. I am particularly persuaded that no "outside the heartland" departure (or variance) is warranted here because the defendant formerly held a federal firearms license. In no sense can he be considered a novice when it comes to the highly regulated gun trade.

(6)     The parties are herewith notified that my tentative findings are that the presentence report is otherwise correct in all respects.

(7)     If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(8)     Absent submission of the information required by paragraph 7 of this order, my tentative findings may become final.

(9)     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

November 17, 2005.                    BY THE COURT:

                                                       s/ *Richard G. Kopf*
                                                       United States District Judge